IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| AE MEDICAL TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CANDELA CORPORATION, INC., <br><br> Defendant. | **CIVIL NO.** 25-1394 (RAM) |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

This matter comes before the Court on Defendant Candela Corporation, Inc.'s ("Candela Corporation" or "Defendant") *Motion for Transfer of Venue under 28 U.S.C.A. § 1404(a) or, alternatively, to Dismiss under Fed. R. Civ. P. 12 (b)(6)* (the "*Motion*"). (Docket No. 17). For the reasons set forth herein, the *Motion* is **GRANTED IN PART** and Plaintiff's *Amended Complaint* is hereby **DISMISSED WITHOUT PREJUDICE**.

I.   DISCUSSION

This case arises from the April 1, 2018 Distributorship Agreement (the "Distributorship Agreement") between Candela Corporation and Plaintiff AE Medical Technologies, Inc. ("AE Medical Technologies" or "Plaintiff"), whereby Candela Corporation appointed Plaintiff as a distributor in the Puerto Rico market.

(Docket No. 25-3). The Distributorship Agreement contains the following relevant clauses:

> 13.7 The validity, construction, performance, termination and post-termination obligations of this Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts of the United States. **The competent courts of the Commonwealth of Massachusetts of the United States shall have exclusive jurisdiction with respect to this agreement.**
>
> [...]
>
> 13.10 In the event of a breach by either Party of its obligations under this Agreement, the other Party may seek injunctive relief in any court of competent jurisdiction at any time. Such right to injunctive relief shall be in addition to any other rights in respect of such breaches.

Id. at 15 (emphasis added).

On June 28, 2025, Plaintiff filed an initial, related lawsuit in this district alleging that Candela Corporation improperly canceled the Distributorship Agreement. *See* AE Medical Technologies, Inc. v. Candela Corporation, Inc., Civil No. 24-1286-SCC. On July 9, 2024, the parties informed the district court that they reached settlement whereby the Distributorship Agreement would remain in full force and effect, thereby mooting several of AE Medical Technologies' claims (the "July 9, 2024 Agreement"). Id. at Docket No. 18. The district court adopted the July 9, 2024 Agreement, and the remaining claims were subsequently dismissed without prejudice. Id. at Docket Nos. 20, 23 and 43.

On June 11, 2025, Plaintiff filed a *Complaint* against Candela Corporation in the Puerto Rico Court of First Instance, Bayamon Part, claiming that Defendant breached the Distributorship Agreement in violation of Puerto Rico Law No. 75 of June 1964, P.R. Laws Ann. tit. 10 § 278(a) ("Law 75"). (Docket No. 1-1). Plaintiff subsequently filed an *Amended Complaint* on July 12, 2025. (Docket No. 10-6). On July 25, 2025, Defendant removed the case to this Court. (Docket No. 1).

On August 8, 2025, Candela Corporation filed the pending *Motion* requesting that the case be transferred or dismissed pursuant to the mandatory forum selection clause contained in Section 13.7 of the Distributorship Agreement. (Docket No. 17). Plaintiff filed a *Response in Opposition*. (Docket No. 25).

## II. DISCUSSION

### A. The forum selection clause is enforceable

"The prevailing view towards contractual forum selection clauses is 'that such clauses are prima facie valid unless enforcement is shown by the resisting party to be unreasonable under the circumstances.'" Silva v. Encyclopedia Britannica, Inc., 239 F.3d 385, 386 (1st Cir. 2001) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)). When analyzing a forum selection clause under federal law, the threshold inquiry is whether the clause is mandatory, thereby dictating the exclusive forum for litigation, or permissive, *i.e.*, merely authorizing

jurisdiction in a designated forum but not prohibiting litigation elsewhere. *See* Claudio-De Leon v. Sistema Universitario Ana G. Mendez, 775 F.3d 41, 46 (1st Cir. 2014); Rivera v. Kress Stores of P.R., Inc., 30 F.4th 98, 104 (1st Cir. 2022).

In the case at bar, Plaintiff does not contest that the forum selection clause in Section 13.7 of the Distributorship Agreement is mandatory. *See* Claudio-De Leon, 775 F.3d at 46 ("[I]t is axiomatic that the word 'shall' has a mandatory connotation."). Nor does Plaintiff argue that its claims fall outside of the scope of the forum selection clause which encompasses "[t]he validity, construction, performance, termination and post-termination obligations of this Agreement." (Docket No. 25-3 at 15); see *also* Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 19 (1st Cir. 2009) (holding that "the language of the forum selection clause itself that determines which claims fall within its scope."). Instead, Plaintiff contends the forum selection clause should not apply because: (1) Section 278b-2 nullifies forum selection clauses; (2) the forum selection clause at Section 13.7 is inconsistent with Section 13.10; and (3) the July 9, 2024 Agreement did not contain a forum selection clause. (Docket No. 25 at 6-9). None of these arguments pass muster.

First, as Plaintiff itself concedes, courts in the First Circuit routinely transfer Law 75 cases when a valid, mandatory forum selection clause applies. *See* Royal Bed & Spring Co. v.

Famossul Industria e Comercio de Moveis Ltda., 906 F.2d 45, 53 (1st Cir. 1990) (upholding a district court's order granting a Motion to Dismiss on *forum non conveniens grounds* pursuant to a valid and enforceable forum clause in distribution agreement under Law 75 designating Brazil as forum to litigate any action under agreement); Caribbean Rests., LLC v. Burger King Corp., 23 F.Supp. 3d 70, 78 (D.P.R. 2014) (noting that the presence of Law 75 claims is not an impediment to transfer when the parties freely negotiated a choice-of-law clause).

Second, Section 13.10 of the Distributorship Agreement, which allows the parties to "seek injunctive relief in any court of competent jurisdiction," is not inherently in conflict with the forum selection clause contained in Section 13.7 and thus the Court finds that it does not undermine the parties' freely negotiated choice of jurisdiction. Moreover, Plaintiff does not provide any citations or legal authorities to support its contention that such language invalidates a forum selection clause. *See* L. CV. R. 7(a).

Third, although the July 9, 2024 Agreement did not contain a forum selection clause, it did not modify the terms of the original agreement. Per a review of the docket in the related previous litigation, the parties' July 9, 2024 informative motion provides:

> The parties have met and agreed that **the exclusive distribution contract** by and between Candela Corporation and AE Medical Technologies, Inc. **shall remain in full force and effect** and **none of the parties to said**

> **contract shall attempt to change or modify the terms of said contract** until a court of law decrees otherwise.

AE Medical Technologies, Inc. v. Candela Corporation, Inc., Civil No. 24-1286-SCC, Docket No. 18 (emphasis added). Plaintiff has not provided any other agreement between the parties that evinces their intention to modify the forum selection clause.

### B. Dismissal is proper because the forum selection clause designates a state court as the proper forum

As noted above, Section 13.7 of the Distributorship Agreement provides it "shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts of the United States. The competent courts of the Commonwealth of Massachusetts of the United States" as the proper forum for this litigation. (Docket No. 25-3 at 15). The First Circuit has previously held that similar forum selection clauses should be interpreted as intending to mean that actions must be brought in **Massachusetts state courts.** *See* LFC Lessors, Inc. v. Pac. Sewer Maint. Corp., 739 F.2d 4, 7 (1st Cir. 1984)(holding that the phrase "courts of the Commonwealth of Massachusetts" meant courts that "trace their origin to the state.").

"Where, as here, a forum-selection clause is alleged to require reference to a state or foreign forum, the appropriate way for a federal court to enforce it is through a motion to dismiss for forum non conveniens." Rivera v. Kress Stores of P.R., Inc.,

30 F.4th 98, 101-02 (1st Cir. 2022). Notably, Candela Corporation asserted both alternatives in its *Motion*. Because the valid and enforceable forum selection clause in the Distributorship Agreement designates the state courts of the Commonwealth of Massachusetts as the proper forum, dismissal without prejudice of Plaintiff's claims is proper.

### III. CONCLUSION

"When parties have contracted in advance to litigate disputes in a particular forum, courts **should not unnecessarily disrupt the parties' settled expectations** [...] In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain." Caribbean Rests., 23 F.Supp. 3d at 78 (quoting Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 66 (2013) (emphasis added). **This is not an unusual case.**

Because choice of forum selection clauses are deemed *prima facie* valid and there are no reasons for denying enforcement, Defendant Candela Corporation, Inc.'s *Motion for Transfer of Venue under 28 U.S.C.A. § 1404(a) or, alternatively, to Dismiss under Fed. R. Civ. P. 12 (b)(6)* at Docket No. 17 is **GRANTED IN PART**. Plaintiff's *Amended Complaint* is hereby **DISMISSED WITHOUT PREJUDICE**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 27th day of August 2025.

S/ Raúl M. ARIAS-MARXUACH
United States District Judge
